967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose CHECCHINI, Defendant-Appellant.
 No. 91-50598.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided June 23, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In July 1991, Jose M. Checchini pleaded guilty to attempting to export items on the Federal Munitions Control List without a license, in violation of 22 U.S.C. § 2778(c). At sentencing, the district court determined that Checchini had attempted to export "sophisticated weaponry" and, accordingly, calculated Checchini's base offense level to be 22 under Sentencing Guidelines § 2M5.2 (1988). The district court sentenced Checchini to 33 months in prison. Checchini appeals the sentence imposed by the district court. We affirm.[1]
 
 
 3
 Ordinarily, courts apply the Sentencing Guidelines in effect at the time a defendant is sentenced. 18 U.S.C. § 3553(a)(4); see also United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). Checchini does not deny that, under the version of 2M5.2 that was in effect when he was sentenced, the district court correctly set his base offense level at 22. Nor could he. Because the rifles are fully automatic and the number of weapons involved exceeds ten, Checchini does not qualify for a base offense level of fourteen under section 2M5.2(a)(2) (1990).
 
 
 4
 Checchini argues, however, that the version of the Guidelines in effect at the time he committed his crime should govern his sentence. Even were we to apply the 1988 version of section 2M5.2, however, we would still affirm. While the rifles and grenades were not particularly high-tech or advanced, the knowledge and skill involved in transforming them into more deadly weapons makes the district court's finding of sophistication not clearly erroneous. See United States v. Johnson, 952 F.2d 565, 583 (1st Cir.1991) (court notes that "the ability to take readily available items and ... using knowledge and skills gained through extensive education and on the job training ... rework them so that they become a radio controlled detonating device underscores the sophistication of appellants' handiwork" and "[i]t is precisely their skill in making extraordinary the ordinary that warrants a finding of 'sophistication' under § 2M5.2") (internal quotation omitted), petition for cert. filed --- U.S.L.W. ---- (U.S. Apr. 28, 1992) (No. 91-1760).
 
 
 5
 We also find influential the fact that the Munitions Control List considers automatic weapons and hand grenades to be "significant military equipment." 22 C.F.R. § 121.1. "Significant military equipment" refers to weapons or hardware that have a "capacity for substantial military utility or capability." Id. § 120.19. This suggests that the Sentencing Guidelines focus on "sophisticated weaponry" reflects the threat that certain defense items pose from a military standpoint, rather than the purely technological features of the weapons. The automatic rifles and grenades thus qualify as "sophisticated" regardless of how rudimentary their assembly.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We dispose of Checchini's second argument raised on appeal in an opinion filed concurrently with this disposition
 
 
 [2]
 The government's request that we take judicial notice of the records of the Italian courts is denied